# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| MARY LOU HAMILTON | § | |
| | § | |
| V. | § | CASE NO. 4:10cv00134 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**.

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on September 8, 2006, claiming entitlement to disability benefits due to a dog bite on May 15, 2002 and resulting right side pain and weak right leg. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a de novo hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on September 23, 2008. Plaintiff was represented by counsel at the proceedings. At the hearing, Plaintiff, Charles Murphy, M.D., a medical expert, and Talesia Beasley, a vocational expert, testified.

On November 12, 2008, the ALJ denied Plaintiff's claim, finding Plaintiff not disabled. Plaintiff requested Appeals Council review, which the Appeals Council denied on February 22, 2010. Therefore, the November 12, 2008 decision of the ALJ became the final decision of the

Commissioner for purposes of judicial review under 42 U.S.C. § 405(g).  *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2002.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of May 15, 2002 through her date last insured of December 31, 2002. 20 C.F.R. § 404.1521 *et seq*.

3. Through the date last insured, the claimant had the following severe impairments: reflux sympathetic dystrophy (RSD), bitten by a dog on May 15, 2002, right side pain, and weak right leg. 20 C.F.R. § 404.1521 *et seq*.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1525 and § 404.1526)

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except occasional postural changes, but should avoid climbing and use of right leg or foot controls.

6. Through the date last insured, the claimant was unable to perform any past relevant work. 20 C.F.R. § 404.1565.

7. The claimant was born on September 7, 1955 and was 47 years old, which is defined as a younger individual, on the date last insured. 20 C.F.R. § 404.1563.

8. The claimant has at least a high school education and is able to communicate in English. 20 C.F.R. § 404.1564.

9. The claimant has acquired work skills from past relevant work. 20 C.F.R.

> § 404.1568.

10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. 20 C.F.R. § 404.1569, § 404.1569a, § 404.1568(d).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 15, 2002, the alleged onset date, through December 31, 2002, the date last insured. 20 C.F.R. § 404.1520(g).

(Tr. 14-17).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## ANALYSIS

Plaintiff raises three issues: (1) whether the Administrative Law Judge (ALJ) properly determined that Plaintiff's mental impairments and pain disorder were non-severe impairments; (2) whether the ALJ properly assessed Plaintiff's credibility and discounted it for legally sufficient reasons; and (3) whether substantial evidence supports the ALJ's residual functional capacity determination.

The ALJ determined Plaintiff did not engage in substantial gainful activity from her alleged on set date of May 15, 2002 through her date last insured of December 31, 2002 and was unable to perform past relevant work during that time. (Tr. 14, 16). The Commissioner bears the burden of showing there is other substantial gainful employment available which Plaintiff can perform. *Fraga v. Bowen*, 810 F.2d 1296, 1301-02 (5th Cir. 1987). The ALJ determined Plaintiff's impairments restricted her to sedentary work as defined in 20 C.F.R. § 404.1567(a) except occasional posture changes, but should avoid climbing and use of right leg for foot controls. (Tr. 14). Sedentary work involves lifting no more than 10 pounds at a time. 20 C.F.R. § 404.1567(a). The vocational expert identified the following sedentary jobs Plaintiff could perform considering her past relevant work

5

skills: inventory clerk (DOT occupational code 216.482-018; 305,933 nation; 23,356 Texas), scheduling clerk (DOT 219.687-010; 69,173 nation; 5,102 Texas), and telephone sales representative (DOT 299.35-014; 444,670 nation; 25,615 Texas). (Tr. 16-17). Therefore, the Commissioner met his burden and demonstrated work exists in the national economy that Plaintiff is able to perform. Subsequently, the ALJ denied Plaintiff's application at step five of the sequential evaluation process (Tr. 16-17).

First, Plaintiff alleges the ALJ erred in rendering the severity of Plaintiff's mental impairments, especially pain disorder, when evaluating the combined effect of her impairments. The ALJ found Plaintiff had the following severe impairments: reflux sympathetic dystrophy (RSD), a dog bite on May 15, 2002, right side pain, and weak right leg. (Tr. 14). According to the regulation, "[i]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment." 20 C.F.R. §§ 404.1520(c), 404.1521. Plaintiff argues the ALJ did not recognize pain disorder and specifically points to Finding 3. Pl.'s Br. at 3. Yet, the ALJ lists reflux sympathetic dystrophy (RSD), also known as complex regional pain syndrome (CRPS), as a severe impairment and concluded Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms did not warrant credibility. (Tr. 14-16). *See* Social Security Ruling (SSR) 03-02p, 2003 WL 22399117. Thus, it is inaccurate to argue the ALJ failed to recognize Plaintiff's pain disorder as severe.

Further, the regulation requires the claimant provide medical evidence showing she has an impairment or impairments and how severe they are during the time the claimant alleges disability. *See* 20 C.F.R. §§ 404.1512(c), 404.1594(b)(6). Here, Plaintiff did not initially allege psychological

6

impairments and Plaintiff only proffers evidence of a one-time psychological evaluation in January 2007 by John Lehman, Ph.D. (Tr. 126-127, 153, 164, 364-369). Plaintiff bears the burden of establishing a disabling condition before her insured status expires, and this psychological evaluation occurred over four years after Plaintiff's insured status expired. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); (Tr. 364-369). Though Plaintiff alleged a history of depression since 1997, and a history of anxiety, and post traumatic stress disorder (PTSD) since 1994, in January 2007 Plaintiff told Dr. Lehman she was functioning fairly well until her dog bite in 2002 and denied that her on and off depression prevented her from functioning fairly normally. (Tr. 365). Though Plaintiff reported to Dr. Lehman problems with mental status since 2002, Dr. Lehman found the medical records indicated intact mental status exams throughout. (Tr. 369). Consequently, Dr. Lehman believes the cognitive issues are more recent and Plaintiff has chosen not to follow up with recommended therapy, which he believes would help her live with the RSD/CRPS and get her focus off the pain. (Tr. 369). An ALJ is not precluded from considering a claimant's failure to seek and follow prescribed treatment as an indication of nondisability. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

The ALJ must "consider the combined effect of all your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. The ALJ explicitly stated he must consider "all of [Plaintiff's] impairments, including impairments that are not severe." (Tr. 13). The record does not reflect an error in considering Plaintiff's pain disorder and/or mental impairments. Therefore, the ALJ did not fail to recognize Plaintiff had a pain disorder that was a severe impairment and properly considered all of Plaintiff's mental impairments at step two.

7

Second, Plaintiff alleges the ALJ's credibility analysis is flawed and directly contravenes social security rulings and prejudiced the residual functioning capacity (RFC) assessment and result. As noted, the ALJ found that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the ALJ found claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not fully credible. (Tr. 16). The Fifth Circuit held, while the ALJ must consider subjective evidence of pain, it is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference. *Chambliss v. Massanari*, 296 F.3d 520, 522 (5th Cir. 2001); *Jones v. Bowen*, 389 F.2d 524, 527 (5th Cir. 1987). The ALJ considered Plaintiff's daily activities immediately after her dog bite, including doing laundry, loading/unloading the dishwasher, dressing and bathing herself, walking two blocks, and being unable to do yard work. (Tr. 15). The ALJ's consideration of Plaintiff's daily activities and functional restrictions are relevant factors when assessing a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3)(I, vii).

Furthermore, the ALJ considered several medical opinions following Plaintiff's dog bite, all of which suggest Plaintiff could gradually return to light activity. One month after the dog bite, in June 2002, Dr. Sutker's recommendation that Plaintiff "just need[ed] to progress into activities within her own comfort level." (Tr. 15, 188). In July 2002, Dr. Sutker advised Plaintiff to continue her exercises and "let common sense be her guide as to her level of activity." (Tr. 15, 190). Also in July 2002, Plaintiff reported progress in her treatment and that she was now able to drive and walk longer distances before experiencing pain or swelling. (Tr. 243). Subsequently in August 2002, Phil Elizondo, M..D., advised Plaintiff to return to light duty activity, and begin progressive exercises within a few weeks. (Tr. 261). The record and preceding progress of activities does not suggest total

disability of Plaintiff, and the record reflects the ALJ considered Plaintiff's testimony of pain to her whole right side at the hearing. (Tr. 15, 29-30, 32). Additionally, a claimant's statements of pain or symptoms alone do not determine disability status. 20 C.F.R. § 404.1529.

The ALJ also considered objective medical evidence of Plaintiff's x-rays in June 2002 showing no acute fracture, dislocation of subluxation of the knee. (Tr. 15, 188, 225). Plaintiff's December 2002 exam by Mark Pretorius, M.D., revealed Plaintiff had normal motor skills, a well-healed laceration along the medial aspect of her right knee, a normal EMG, a nerve conduction study of her right lower extremity, and a possible nerve injury affecting the lower right extremity, but the other nerves in the leg were normal. (Tr. 15, 196, 198).

The Fifth Circuit held "subjective evidence need not take precedence over objective evidence... [and] a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1024. Furthermore, "any conflicts between the subjective evidence and medical evidence should depend on the ALJ's evaluation of the credibility of the claimant's complaints of pain." *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir. 1988). Here, the ALJ specifically addressed the claimant's complaints of pain in the record and her testimony and comes to the conclusion that "after careful consideration of the evidence" Plaintiff's "statements concerning the intensity, persistence, and limiting effects of the symptoms are not fully credible." (Tr. 15-16). There is no reason to question the ALJ's general statement that he carefully considered the evidence, even though he does not specifically address the question of pain. *Scharlow v. Scheweiker*, 655 F.2d 645, 648 (5th Cir. 1981).

Further, Plaintiff's allegation that the ALJ's credibility finding is conclusory and in violation of SSR 96-7p is unfounded. The Fifth Circuit has found similar credibility findings to the one the

ALJ made here did not violate SSR 96-7p. In *Morton v. Astrue*, the ALJ stated Morton's "statements concerning the intensity, persistence, and limiting effects of [the symptoms that resulted from her medically determinable impairments] are not credible to the extend they are inconsistent with the above [RFC] assessment." *Morton v. Astrue*, No. 3:10-CV-1076-D, 2011 WL 2455566, at *9 (N.D. Tex. June 20, 2011). In *Salgado v. Astrue*, the ALJ made a sufficient credibility determination to comply with SSR 96-7p because the ALJ made it clear he took into account claimant's testimony regarding her symptoms and pain in considering the weight of her subjective claims, and the ALJ discussed and evaluated the claimant's daily activities, the location of her pain, which the ALJ did in the present case. *Salgado v. Astrue*, 271 Fed. Appx. 456, 462 (5th Cir. 2008). Therefore, the ALJ properly considered the record and Plaintiff's testimony in concluding Plaintiff's symptoms are not fully credible.

Third, Plaintiff alleges substantial evidence did not support the ALJ's residual functional capacity findings. The ALJ concluded Plaintiff had the residual functional capacity to perform sedentary work as defined as lifting no more than 10 pounds at a time; occasional lifting or carrying articles like docket files, ledges, and small tools; sitting; and occasional walking and standing, with the added limitation of occasional postural changes and no climbing or use of right leg for foot controls. (Tr. 14). The ALJ did not fail to consider a psychiatric disease that could potentially contribute to a reduced pain tolerance as Plaintiff alleges, because the ALJ found Plaintiff's RSD to be a severe impairment. (Tr. 14-15).

The ALJ did not delegate the residual functional capacity finding to the medical expert as Plaintiff alleges. While the ALJ ultimately concurred with the medical expert's assessment, the ALJ considered in his findings Plaintiff's medical record and testimony. The ALJ "is entitled to

determine the credibility of medical experts... and weigh their opinions accordingly." *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). The Southern District of Texas found that although the ALJ ultimately concurred with the medical experts' findings as to Plaintiff's RFC, the ALJ's written decision clearly demonstrates he did not rely solely thereon in making his determination, and the court dismissed Plaintiff's objection to the ALJ's determination as meritless. *Rivas v. Astrue*, No. CC-08-278, 2009 WL 2448269, at *2 (S.D. Tex. Aug. 7, 2009). Here, the ALJ explicitly mentioned Plaintiff's medical records from June 2002 to December 2002, and did not blindly rely on the medical expert's evaluation. (Tr. 15).

As to the function by function evaluation Plaintiff alleges the ALJ failed to complete, "an ALJ generally is not required to provide a function-by-function analysis when determining a claimant's RFC." *Moree v. Astrue*, No. 7:10-CV-0006-BF, 2011 WL 1252904, at *9 (N.D. Tex. April 1, 2011). Furthermore, reversal and remand based on disregard of a social security ruling may occur only when the plaintiff also shows that prejudice arose from that error. *Zeno v. Barnhart*, No. 1:03-CV-649, 2005 WL 588223, at *10 (E.D. Tex. Feb. 4, 2005) (*citing Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981)). The plaintiff bears the burden of showing how she was prejudiced by the ALJ's failure to follow an agency rule. *Id.* Here, Plaintiff merely states the ALJ failed to make the required function-by-function finding as required by the Social Security Rulings and did not demonstrate any prejudice. See Pl.'s Br. At 7.

Last, Plaintiff argues the RFC is flawed because it fails to account for Plaintiff's limited attention, concentration, or pace. As stated above, the ALJ properly considered Plaintiff's mental impairments and one-time psychological exam. (Tr. 364-369). Plaintiff alleges the ALJ disregarded the vocational expert's testimony concerning Plaintiff's problems with concentration, persistence,

and pace that would preclude competitive employment. (Tr. 61). However, an ALJ is not bound by a vocational expert's responses to hypothetical questioning, which the ALJ did not find the record supported. *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985). In conclusion, Plaintiff's claim is unwarranted as the ALJ considered Plaintiff's mental impairments in his evaluation.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 25th day of July, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE